IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN HEATH DOSS, | ) | |
|     Petitioner | ) | Civil Action No. 7:22-cv-354 |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | By: Michael F. Urbanski |
| | ) |     Chief United States District Judge |
| | ) | |
|     Respondent | ) | |

**MEMORANDUM OPINION**

Brian Heath Doss, proceeding pro se, filed a motion for compassionate release, arguing that his federal sentence is being calculated incorrectly. See ECF No. 430 in United States v. Doss, No. 4:09-cr-06 (W.D. Va. mot. filed June 17, 2022). The court denied the motion, but also construed it as a motion for habeas corpus relief brought under 28 U.S.C. § 2241 and directed the Clerk's office to docket the motion as a § 2241 petition naming the Bureau of Prisons (BOP) as the respondent. ECF No. 433 in Case No. 4:09-cr-06; ECF No. 1 in the instant case.

The government filed a motion for summary judgment and supporting brief on October 2, 2022. ECF Nos. 5, 6. Doss filed responses to the motion for summary judgment on November 7 and 9, 2022. ECF Nos. 9, 10. On November 28, 2022, the government moved to stay this case, explaining that it intended to file a motion to correct the judgment in Case No. 4:09-cr-06 and the court granted the stay. ECF Nos. 13, 14 in the instant case.

1

The government filed its motion to correct the judgment in Case No. 4:09-cr-06 on May 12, 2023. On September 22, 2023, the court denied the motion, for reasons set forth in the memorandum opinion. ECF Nos. 436, 437.

The court now lifts the stay in the instant case. As set forth below, having considered the pleadings and evidence submitted, the court **GRANTS** the government's motion for summary judgment and **DENIES** Doss's motion for habeas corpus relief because his sentence is being calculated correctly.

**I. Background**

Doss presently is subject to three criminal sentences, two federal and one state, for drug offenses. At the time his two pending federal sentences were imposed, Doss was in primary state custody, having been sentenced in 2010 to 50 years for state cocaine distribution crimes. See Pittsylvania County Sentencing Order, ECF No. 6-4. Shortly after this state sentence was imposed, Doss was twice sentenced in federal court, once for a violation of the terms of his supervised release imposed in a 1999 criminal judgment, and once for a drug distribution conspiracy charged in 2009. Doss argues that the 2009 federal sentence is not being calculated correctly and that he is entitled to an additional 17 months on that federal sentence, which is the amount of time he spent in state custody prior to being sentenced on the 2009 federal charge. He contends that this will release him from a federal detainer and improve his security classification in the state system. In order to address the § 2241 motion, the court must retrace the history of these three sentences.

On November 14, 1999, Doss was sentenced to a term of 290 months for conspiracy to distribute cocaine, cocaine base, and marijuana, but the sentence was reduced several times with

the final sentence being 104 months. See Pet. for Warrant, ECF No. 171 in United States v. Doss, No. 6:98-cr-40059 (W.D. Va. filed Oct. 23, 1998).[1] On March 14, 2008, Doss was released from federal custody to begin serving a 5-year term of supervised release. Id.

On January 22, 2009, Doss was arrested by state authorities in Pittsylvania County, Virginia, for distribution of cocaine in relation to state case numbers CR9000063-00 and CR9000064-00. See Decl. of Juannetta Hayes, ECF No. 6-1 ¶ 6 in the instant case. On March 10, 2010, Doss was sentenced to 50 years on the state drug charges. Id. ¶ 2. Doss received credit for the 1 year, 4 months, 3 weeks, and 4 days he spent in confinement while awaiting trial. Id. ¶¶ 6, 13; State Sent. Order, ECF No. 6-4 at 3. Doss currently is serving his state sentence in the Virginia Department of Corrections and has an expected release date of September 20, 2052. External Sent. Calc., ECF No. 6-9.

On May 26, 2010, Doss's term of federal supervision was revoked in Case No. 6:98-cr-40059, and Doss was sentenced to 48 months, with 24 of the months to be served "consecutively to the defendant's imprisonment under any previous state or federal sentence," and 24 months to run concurrently with the sentence imposed by the Pittsylvania Circuit Court on March 10, 2010 in Case Nos. CR09000063-00 and CR09000064-00. J., ECF No. 198 in Case No. 6:98-cr-40059.

On June 10, 2009, Doss, along with several codefendants, was charged in a superseding indictment in federal court with multiple counts related to conspiracy to distribute cocaine. ECF No. 23 in Case No. 4:09-cr-06.[2] The drug conspiracy alleged in the federal superseding indictment

---

[1] The Hon. Norman K. Moon presides over Case No. 6:98-cr-40059.
[2] The Hon. James C. Turk presided over Case No. 4:09-cr-06. Upon Judge Turk's death, the case was transferred to the Hon. Jackson L. Kiser. Id., ECF No. 365. Upon Judge Kiser's death, the case was transferred to the undersigned. Id., ECF No. 427.

encompassed the time period during which the state drug distribution charges occurred. See Pittsylvania County Sentencing Order, ECF No. 6-4.

On March 25, 2010, Doss pled guilty in federal court to Count 1 of the superseding indictment. Guilty Plea Form, ECF No. 238 in Case No. 4:09-cr-06. On June 17, 2010, the court sentenced Doss to a term of "360 months to run concurrently with the state sentence imposed in Pittsylvania County Circuit Court, case numbers CR09000063-00 and CR09000064-00. <u>The defendant to be given credit for time served on that state sentence.</u>" J., ECF No. 259 in Case No. 4:09-cr-06 (emphasis added). Doss appealed his judgment, which the Fourth Circuit affirmed on May 19, 2011. ECF No. 301 in Case No. 4:09-cr-06.

On August 11, 2011, Doss filed a motion to vacate the judgment in Case No. 4:09-cr-06 pursuant to 28 U.S.C. § 2255. ECF No. 306 in Case No. 4:09-cr-06. After the court appointed counsel for Doss and scheduled an evidentiary hearing, Doss moved to dismiss his § 2255 petition on October 22, 2012, stating that the government had agreed to file a motion to reduce Doss's sentence to 204 months. ECF No. 350 in Case No. 4:09-cr-06. The motion states that "Defendant agrees that he will not file in any court any further motion or petition relating to this conviction and sentence." <u>Id.</u> at 1. Thereafter, on October 23, 2012, an order was entered in Case No. 4:09-cr-06, reducing Doss's sentence from 360 months to 204 months. J., ECF No. 353 in Case No. 4:09-cr-06. The amended sentence was to run concurrently with the state sentence Doss was serving, with all other terms of the judgment order and the terms of any other sentence that he was serving to remain unchanged. <u>Id.</u>

In this habeas petition, Doss states that a federal detainer was served on him on July 8, 2010, and that after the detainer was filed, his security level in the state prison was increased. ECF

4

No. 1 at 6 in the instant case. Doss asserts that if the court reduces his federal sentence to reflect that the sentencing court intended not only for the federal sentence to run concurrently with his state sentence, but also that he be given credit toward his federal sentence for the time he spent in state custody prior to his federal court sentencing, he will have served all his federal sentence.[3] At that point, Doss asserts that the federal detainer will be removed with the result that he can transfer to a "lower level" state prison. Id. at 6–7.

In addition, Doss asks that his federal sentence be calculated using the "new good time law that started in January 2022," an apparent reference to changes brought about by the First Step Act to 18 U.S.C. § 3624(b)(1). After passage of the First Step Act, the BOP awards inmates "a maximum of 54 days of good time credits per year of the imposed sentence rather than 54 days of credit per year of the sentence served." Torok v. Beard, No. PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022). The practical effect of the change is that the maximum allowable days of credit increased from 47 days to 57 days per year. Id.

## II. Analysis

"Section 2241 entitles a prisoner to habeas corpus relief if '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.'" Seay v. Cannon, 927 F.3d 776, 781 (4th Cir. 2019) (quoting 28 U.S.C. § 2241(c)(3)). A prisoner who claims that the BOP is not correctly computing or executing his sentence may seek relief under § 2241. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam).

---

[3] According to the BOP, Doss began serving the sentence in Case No. 4:09-cr-06 on June 17, 2010, and his projected release date is December 10, 2024. Hayes Decl., ECF No. 435-2 ¶¶ 13, 19 in Case No. 4:09-cr-06.

Doss understandably believes that he is entitled to credit for the time he spent in custody from his arrest on January 22, 2009, until he was sentenced in federal court on June 17, 2010, because the sentencing court stated that Doss's sentence should be credited with that time. However, the court was without authority to order that Doss's sentence be credited with that time.

The court's ability to give a defendant such credits is limited in two respects. First, the Attorney General, through the BOP, not the court, has the responsibility to compute the amount of credit an inmate receives toward his sentence, and the computation begins after the defendant begins his sentence. United States v. Wilson, 503 U.S. 329, 334 (1992). "The sentencing court has no authority 'to compute the amount of the credit' or 'to award credit at sentencing.'" Barnes v. Masters, 733 F. App'x 93, 98 (4th Cir. 2018) (quoting Wilson, 503 U.S. at 333–34). "Therefore, the sentencing court cannot order the BOP to award prior custody credit, which effectively means that the sentencing court cannot pronounce a sentence and order 'credit for time served.'" Id.

Second, the BOP must adhere to the following when calculating a sentence:

> **b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

6

18 U.S.C. § 3585(b) (emphasis added). The statute makes clear that that an inmate cannot be given credit toward his sentence for time served it if has been credited toward another sentence. Wilson, 503 U.S. at 337; Barnes, 733 F. App'x at 94. Because Doss was given credit toward his state court sentence for the time he spent in state custody, he is not entitled to have the time also credited toward his federal sentence. Accordingly, the district court did not have authority to order that Doss's federal sentence be credited with the time he had already served on the state sentence and the BOP is calculating Doss's sentence correctly. For the same reason, this court cannot now give Doss credit toward his sentence for the time he served on the state sentence before he was sentenced in federal court.

Moreover, even if Doss's sentence in this case were reduced by the time he served on the state sentence, he still faces a consecutive 2-year sentence on the revocation in Case No. 6:98-cr-40059. Therefore, there is no reason to believe that the federal detainer would be withdrawn in his case, even if the court granted the relief sought in this motion.

Regarding Doss's request that the BOP credit his sentence with 54 days of good time for each year imposed, it appears that the BOP is already doing so. See Hayes Decl., ECF No. 6-1 ¶ 18. Accordingly, Doss's request that his federal sentence be calculated using the "new good time law" is moot.

### III. CONCLUSION

Based on the foregoing, the court concludes that Doss is not entitled to the relief he seeks as his sentence is being calculated correctly. Accordingly, the court **GRANTS** respondent's motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 5, and **DISMISSES** Doss's petition.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: 09/26/2023

_____
MICHAEL F. URBANSKI
CHIEF UNITED STATES DISTRICT JUDGE

8